**NEW CASTLE COUNTY, Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY (CNA), Defendant.**

Civ. A. No. 85–436–JLL.

United States District Court, D. Delaware.

Dec. 29, 1989.

---

George H. Seitz III of Prickett, Jones, Elliott, Kristol and Schnee, Wilmington, Del. (Joseph A. Tydings and Catherine Serafin Sponseller of Anderson, Kill, Olick & Oshinsky, Washington, D.C., of counsel), for plaintiff.

John G. Mulford and Michael J. Goodrick of Theisen, Lank, Mulford & Goldberg, P.A., Wilmington, Del., Arthur Makadon, Geoffrey A. Kahn and Walter M. Einhorn, Jr., of Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendant.

MEMORANDUM OPINION

LATCHUM, Senior District Judge.

## I. INTRODUCTION

The Continental Casualty Company ("CNA") and New Castle County ("NCC") tried, without a jury, a dispute concerning insurance coverage for claims arising out of pollution caused by the Tybouts Corner Landfill (the claims giving rise to this coverage action will be referred to as "the underlying lawsuits"). This Court issued Findings of Fact and Conclusions of Law, and a Final Judgment and Order on October 23, 1989, 725 F.Supp. 800 ("*New Castle III*").[1] CNA now moves for a "Certification of Final Judgment Pursuant to Rule 54(b) and to Set Supersedeas Bond Pursuant to Rule 62(d)." D.I. 535.

## II. FACTS

In March of 1985, the Hartford Accident and Indemnity Company ("Hartford") brought suit against NCC and six insurance companies. *See* Hartford Accident & Indemnity Co. v. New Castle County, C.A. No. 85–160 ("*Hartford* action").[2] Hartford

---

1. Two earlier decisions decided issues raised by motions for summary judgment. *See New Castle County v. Hartford Accident & Indemnity Co.,* 673 F.Supp. 1359 (D.Del.1987) ("*New Castle I*"), *and,* 685 F.Supp. 1321 (D.Del.1988) ("*New Castle II*").

2. The defendant insurance companies were: Home Insurance Company, Continental Casualty Company, U.S. Fire Insurance Company, New Hampshire Insurance Company, Insurance Company of North America, and Continental Insurance Company.

sought a declaration that it, either, (1) was not obligated to cover NCC for the underlying lawsuits, or, (2) if it was obligated to cover NCC, it had a right to contribution from the six defendant-insurers. Later that same year, NCC brought suit ("*New Castle County* action") in Delaware State Court seeking a declaratory judgment declaring that twelve insurance companies, including Hartford, had a duty to defend and indemnify the County from all claims arising out of the underlying lawsuits.[3] The *New Castle County* defendants removed to federal court. *See* Docket Item ("D.I.") 1.

Faced with the prospect of litigating two cases in federal court that arose out of common questions of fact and law, the parties on February 14, 1986, entered into a stipulation. *See* D.I. 49 ("the February 14 stipulation"). Paragraph 3 of that stipulation addressed the procedure for handling claims, counterclaims, and cross-claims:

b. By February 25, 1986, any party desiring to have its claims, counterclaims, or cross-claims asserted in the *Hartford* action automatically incorporated into and made a part of the *New Castle* action will file a Praecipe to that effect listing those claims, counterclaims, or cross-claims. By March 10, 1986 any party wishing to incorporate its response asserted in the *Hartford* action to an incorporated claim, counterclaim or cross-claim may file a Praecipe listing the response it wishes to have incorporated.

c. All parties in the New Castle action, whether or not parties in the Hartford action, may file any counterclaim or cross-claim against any other party, or may file any supplement or amendment to a previously filed counterclaim or cross-claim, so long as such pleading is filed by April 1, 1986. All parties hereby waive any and all rights they may have to object to the assertions of such counterclaims or cross-claims based upon time or other limitations set forth in Federal Rules of Civil Procedure 13 and 15. In addition, any insurer party shall be permitted as of right to file cross-claims against any other insurer party within thirty (30) days if that first insurer party is held to owe any duty to New Castle County with respect to the subject matter of this lawsuit....

Only Hartford availed itself of Paragraph 3(b), and incorporated, by filing a Praecipe, its claim against the Home Insurance Company from the *Hartford* action as a cross-claim in the *New Castle County* action. *See* D.I. 53 & 54. Also pursuant to Paragraph 3(b), Home Insurance Company incorporated in the *New Castle County* action its answer to Hartford's claim from the *Hartford* action and filed a cross-claim against Hartford. *See* D.I. 55 & 56. No other party utilized Paragraph 3(b).

When Hartford settled with NCC, and these two parties' claims were dismissed with prejudice, *see* D.I. 245, a question arose concerning the meaning of Paragraph 3 of the February 14 stipulation.[4] The Home Insurance Company requested a clarification of Paragraph 3(b) stating that Hartford remained a party to the suit, at least for purposes of Home's cross-claim. *See* D.I. 248. Similarly, Aetna requested a clarification stating that Hartford's settlement with NCC did not deprive it of the right to file a cross-claim pursuant to Paragraph 3(c). *See* D.I. 249. This Court, in an Order dated September 23, 1987 [D.I. 281] ("the September 23 Order"), held that the "only effect" of Hartford's settlement with NCC "was to dismiss the claims ... which each had against the other," and did not impair either Home Insurance Company's

---

**3.** Six of the defendant-companies were also defendants in the *Hartford* action. *See supra* note 2. The remaining defendants were: U.S. Liability Insurance Company, Aetna Casualty & Surety Company, Hartford, Twin City Fire Insurance Company, National Union Fire Insurance Company, and Zurich Insurance Company. NCC stipulated to dismissing Zurich Insurance Company in December of 1985. *See* D.I. 45.

**4.** NCC settled with New Hampshire Insurance Company in January of 1987, and with Continental Insurance Company in March of 1987, and those claims were also dismissed. *See* D.I. 124 & 148.

right to pursue its pending cross-claim, or Aetna's right to file a cross-claim pursuant to Paragraph 3(c). This Court, while reserving the parties' rights to utilize Paragraph 3(c), did not construe the operation of, or rights granted by, Paragraph 3(c). A cross-claim under that section had not yet been filed and the Court had not then held that any insurer owed a duty to NCC.

All defendants, except CNA, subsequently settled with NCC, and their claims were dismissed with prejudice.[5] Likewise, the only cross-claims ever filed in this action were between Home Insurance Company and Hartford. When these two parties settled, their cross-claims were dismissed on November 5, 1987. *See* D.I. 363. Thus, when this case came to trial on June 5-8, and 12-14, 1989, there were no pending cross-claims and CNA was the only defendant. This Court entered a Final Judgment and Order on October 23, 1989. *See* D.I. 524. On November 1, 1989, CNA moved, pursuant to Local Rule 3.5, for reargument. *See* D.I. 525. The Court by an Opinion and Order denied this motion on November 20, 1989. *See* D.I. 528 & 529. On November 21, twenty-nine days after entry of Final Judgment and Order, CNA purported to file cross-claims against Insurance Company of North America, U.S. Fire Insurance Company, Aetna, Home, and U.S. Liability Insurance Company. *See* D.I. 530.

## III. DISCUSSION

Federal Rule of Civil Procedure 54(b) states "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgement."

CNA contends that it may now avail itself of this Rule. The argument supporting this contention is: (1) the February 14 Stipulation grants CNA the right to file a cross-claim for thirty days after entry of final judgment; therefore, (2) CNA's cross-claim is properly before the Court; consequently, (3) this action is currently one where multiple parties and claims are involved; and (4) Rule 54(b) applies.

CNA's argument fails because the initial premise is incorrect. The February 14 stipulation did not give an insurer the right to file a cross-claim after the expiration of thirty days from the Opinion entered in *New Castle I* on November 2, 1987, and certainly not after a trial on the merits. As outlined above, the genesis of the current single litigation was the combination of two actions: one with NCC suing the insurers (*New Castle County v. Hartford Accident and Indemnity Co.*, C.A. No. 85-436-JLL), and one with the Hartford Accident & Indemnity Company suing the County and six other insurance companies (*Hartford Accident and Indemnity Co. v. New Castle County*, C.A. No. 85-160). The primary purpose of the February 14 stipulation was to avoid two separate lawsuits involving the same questions of law and fact:

> WHEREAS, the parties agree that it is preferable to have those questions decided in one litigation rather than two....

D.I. 49 at 1. The effect of CNA's interpretation of the February 14 stipulation would be to re-divide this proceeding along the exact same lines that existed prior to the February 14 Stipulation. The stipulation would become a virtual nullity.

Furthermore, CNA's argument contravenes the expressed intent of the document upon which CNA relies. The error in CNA's argument is that CNA interprets the phrase "any duty" in the last quoted sentence of Paragraph 3(c) to mean "each duty," and thus would permit insurers to

---

**5.** *See* D.I. 355 (National Union Fire Insurance Company); D.I. 362 (Home Insurance Company); D.I. 373 (Twin City Fire Insurance Company); D.I. 498 (Insurance Company of North America); D.I. 499 (Aetna Casualty & Surety Company); D.I. 517 (U.S. Fire Insurance Company). The Court was informed of NCC's settlement with U.S. Liability by telephone on May 24, 1989.

2

file cross-claims seriatim after any decision of this Court which imposed any duty upon the insurers. Only one thirty-day period is contemplated by the stipulation, however, not a series. "Any duty" is more closely analogous to "first duty" than it is to "each duty."

Liability insurance policies may impose two duties on insurers: the duty to defend and the duty to indemnify. The thirty-day period would thus be triggered by the imposition of either or both of these duties on any one insurer. "Any duty" in Paragraph 3(c) means that once *an insurer* was held to have either the duty to defend or indemnify NCC, *one thirty-day period* would commence during which cross-claims could be filed. Eight insurers, who had not then settled with NCC, were held to have a *duty to defend* NCC in *New Castle County v. Hartford Accident and Indemnity,* 673 F.Supp. 1359, 1366 (D.Del.1987) (*"New Castle I"*).[6] That decision was filed on November 2, 1987. Therefore, the one thirty-day period provided for by the February 14 Stipulation expired on December 2, 1987—thirty days after Judgment was entered in *New Castle I.*

Additionally, as discussed above, no other insurance company currently has a pending cross-claim in this suit. If CNA's interpretation of the stipulation were correct, and the thirty-day period ran from October 3, 1989 to November 2, 1989, the other insurance companies would be prohibited from filing cross-claims against CNA in this action.

The present situation is inapposite to that addressed in the September 23 Order. With regard to Paragraph 3(c) of the February 14 Stipulation, the September 23 Order merely preserved a contingent stipulated right. In short, this Court recognized the rights allotted to the parties under Paragraph 3(c), but in no way implied that a cross-claim could be filed, pursuant to that provision, after thirty days from this

Court's Opinion on November 2, 1987, which first imposed a duty to defend upon the insurers, and certainly did not imply that a cross-claim could be filed after a full trial on the merits between the two parties that remained in the case at the time of trial. For these reasons, the Court refuses to recognize such a right now.

All pending claims for relief, within the meaning of Rule 54(b), were decided or dismissed on or before October 23, 1989. Further, this is not a multiple party litigation within the meaning of 54(b). Rule 54(b) is, therefore, inapplicable. Accordingly, CNA's motion for certification under Rule 54(b) will be denied. Because the Motion for Certification will be denied, and no appeal under Rule 54(b) will be taken, setting an accompanying supersedeas bond based on that motion would be inappropriate.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion entered in this action on this date, it is

ORDERED, ADJUDGED, and DECREED that the "Motion of Defendant Continental Casualty Company for Certification of Final Judgment Pursuant to Rule 54(b) and to Set Supersedeas Bond Pursuant to Rule 62(d)" is hereby denied.

---

6. The eight insurance companies found to owe a duty were: Aetna Casualty & Surety Company, National Union Fire Insurance Company, United States Liability Insurance Company, Twin City Fire Insurance Company, Insurance Company of North America, United States Fire Insurance Company, and Continental Casualty Company. Zurich Insurance Company, New Hampshire Insurance Company, Continental Insurance Company, and Hartford Accident and Indemnity Company had settled prior to *New Castle I.*